McCAIN, Justice.
Petitioner is a member of the Massachusetts Bar and alleges that he has been in active practice in that State for a nine and one-half year period. He graduated from Portia Law School (now the New England Law School) at a time when that school was not accredited by the American Bar Association nor a member of the Association of American Law Schools. Accordingly, petitioner sought to qualify for admission to the Florida Bar Examination by complying with Article IV, Section.22(c) of the Rules Relating to Admissions to the Bar, 32 F.S.A., Section 22(c) provides:
“(c) Attorneys who were in good standing in the District of Columbia and in the States of the United States of America may, notwithstanding the provisions of Sections 22(a) and 22(b) hereof, be permitted to take the bar examination to be admitted to the practice of law in Florida (1) upon furnishing similar requirements as to fitness, except as required by Sections 22(a) and 22(b), as are required of other candidates to take the examination; (2) upon producing such evidence as the Board may require, that such applicant was in the practice of law in the District of Columbia or in other States of the United States of America, or in practice in federal courts in territories, possessions or protectorates of the United States for at least *362 ten years, and that he was in good standing at the bar of the District of Columbia, the territory, possession or protectorate, or of the State from which he came; and (3) upon furnishing to the Board an abstract showing the scope and character of the applicant’s previous experience and practice at the bar, including samples of the quality of the applicant’s work, such as pleadings, briefs, legal memoranda, corporate charters or other working papers which the applicant considers illustrative of his expertise, his academic and his legal training. Such abstract should confine itself to the applicant’s most recent ten years of practice. If a thorough consideration of this abstract shows that the applicant is a lawyer of high character and ability, that his professional conduct has been above reproach, and that his academic and legal scholarship conform to approved standards and sum up to the equivalent of that required of other candidates for admission to the examination, the Board may, in its discretion, admit him to the examination. In evaluating academic and legal scholarship the Board is clothed with a broad discretion.”
Petitioner could not comply because the length of his alleged practice in Massachusetts fell some months short of meeting the ten-year requirement. He therefore petitioned this Court (in Case No. 43,127) for a waiver of the time requirement of the Rule, urging that by the time he completed the Bar Examination and was fully investigated by the Board, the ten-year period would be nearly complete. We determined, under the circumstances, to grant the requested relief and accordingly, on January 12, 1973, entered the following order :
“The petition of Joseph V. Agar to waive the requirements of Article IV, Section 22(c) of the Rules of the Supreme Court Relating to Admissions to the Bar is granted and petitioner is hereby granted leave to take the February 1973 Bar Examination, his grades to be impounded until he meets all other applicable requirements and the approval of the Florida Board of Bar Examiners as to character and fitness.”
Petitioner has now filed a second petition here asserting that he has taken and passed the February, 1973 Bar Examination, but that the Board refused to certify him as having met the requirements for admission to The Bar. The controversy centers around the “abstract of practice” requirement of Article IV, Section 22(c)(3). Following entry of our order, the Board by letter dated February 1, 1973, informed petitioner that “As the requirements of Article IV, Section 22(c) have been waived by the Supreme Court of Florida, it will not be necessary for you to file an abstract of practice.” We intended no such result to follow from our order, inasmuch as no such relief was requested, but we can perceive how the wording of our order could have misled the Board. The Board apparently later realized its error, because by letter dated May 30, 1973 petitioner was informed that he would after all be required to complete and furnish an abstract of practice. He refused to do so and has filed the instant petition with this Court urging: (1) that in reliance on the initial letter of the Board he destroyed the records of his law practice and cannot now furnish the required documents; and (2) that because petitioner has taken and passed the Florida Bar Examination, the necessity to file an abstract of practice is moot.
We are not impressed by petitioner’s argument that he cannot now furnish this Court with information showing the scope and character of his previous legal experience, including samples of his work. The majority of an attorney’s records, aside from his office working papers, are matters of public record, and can be obtained at minimal cost from the files of those courts in which he has practiced. In adversary proceedings, the attorney for the other party will also have copies of such records. Clients may also have copies of *363 documents prepared for them by their attorney. Petitioner may be somewhat inconvenienced by his reliance on the Board’s letter, but, in our judgment, not unduly so.
Petitioner’s second argument is also without merit. Permission to take the Florida Bar Examination in this instance was expressly conditioned upon fulfillment by petitioner of all requirements of the Rules Relating to Admissions to the Bar, aside from the requirement that he have practiced in Massachusetts for a full ten years. We sought to accommodate petitioner by allowing him to qualify for the Examination sooner than would otherwise have been possible; we did not intend to permit petitioner to avoid other substantive requirements of the rules as a result of successful completion of the Examination.
Accordingly, the petition is denied, and petitioner is ordered to furnish the Florida Board of Bar Examiners with an abstract of practice as required by Article IV, Section 22(c)(3) of the Rules Relating to Admissions to the Bar. Petitioner is also ordered to comply to the satisfaction of the Board of Bar Examiners with all other requirements of the Rules.
It is so ordered.
ERVIN, Acting C. J., and ADKINS, BOYD and DEKLE, JJ., concur.